hKNOLL, Judge,
dissenting.
In my view, plaintiff failed to prove by a preponderance of evidence that her hearing loss was the result of her fall at school. The majority opinion applies the incorrect burden of proof to the causation issue, and confuses *1150 this burden with proof of accident. This is misleading, since the standard of proof for the issue of the existence of an accident is not the same as in proving the issue of causation. In the context of worker’s compensation these are two distinct issues, with distinguishable burdens of proof. A worker’s testimony alone may be sufficient to prove the existence of a work related accident, but his testimony alone is insufficient to prove causation. This is especially true in cases in which there is no obvious link between the accident and the injury, and causation is disputed.
The review of a case on appeal is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court. Rather, a review of the entire record is required. Rosell v. ESCO, 549 So.2d 840 (La.1989). The majority opinion overlooks the numerous inconsistencies in the testimony concerning the cause of Ms. Jacques’ hearing loss. The record reflects that she had suffered significant hearing loss as early as 1989, and that she had been ^noticing a decrease in her hearing in the months previous to the accident. As a whole the record does not support the hearing officer’s finding that the claimant’s hearing loss was caused by the work related incident.
For the foregoing reasons, I respectfully dissent.